IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN WILKINSON,

    Plaintiff,

v.   No. 1:20-CV-783 MIS/KRS

JUSTIN MAESE, WALTER CHAPPAS,
KEITH TATE (d/b/a GRIFFIN TRANSPORT),
D&M ENERGY ASSOCIATES, LLC (d/b/a D&M ENERGY and D&M ENERGY, LLC),
and ENVIRONMENTAL SERVICES,

    Defendants.

## ORDER GRANTING IN PART MOTION FOR JURISDICTIONAL DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion for Jurisdictional Discovery, (Doc. 50), filed October 7, 2021. Plaintiff seeks discovery to respond to Defendant D&M Energy Associates, LLC's (hereinafter, "D&M") Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. 47). Defendant D&M filed a response in opposition to the Motion for Jurisdictional Discovery on October 21, 2021, and Plaintiff filed a reply on October 27, 2021. (Docs. 52, 53). Plaintiff also filed a Motion for Extension of Time Pending Jurisdictional Discovery, seeking an extension of his deadline to respond to Defendant D&M's Motion to Dismiss. (Doc. 51). No response to the Motion for Extension of Time has been filed and the time for doing so has passed. Having considered the parties' briefing, record of the case, and relevant law, the Court will grant in part Plaintiff's Motion for Jurisdictional Discovery and grant Plaintiff's Motion for Extension of Time.

**I.    Background**

On October 8, 2019, Plaintiff posted an advertisement on Craigslist offering to provide contract commercial driving services. (Doc. 1) at 2. Plaintiff states that on October 23, 2019,

he was hired by Defendants Tate and Environmental Services to drive a Dodge pickup truck and trailer from Cheyenne, Wyoming to Tacoma, Washington, and then to "other locations." *Id.* at 2-3. Plaintiff alleges that Defendant Chappas is the registered owner of the pickup truck and donated or leased it to Defendants Tate, D&M, and Environmental Services, who were acting "within the course and scope of a general partnership or joint venture." *Id.* at 2. Plaintiff claims that on October 29, 2019, one of the Defendants falsely reported the pickup as stolen. On October 30, 2019, Defendant Maese arrested Plaintiff in McKinley County, New Mexico, and Plaintiff was charged with receiving or transferring a stolen motor vehicle. *Id.* at 3-4. The charges were dropped on November 13, 2019. Plaintiff brings claims against Defendant Maese for Unreasonable Search and Seizure and Unreasonable Prosecution, and against Defendants Chappas, Tate, D&M, and Environmental Services for Malicious Abuse of Process, Intentional Infliction of Emotional Distress, and Negligence. *Id.* at 4-6. Defendant Maese has filed a Motion for Summary Judgment on the Basis of Qualified Immunity, and discovery has been stayed pending a ruling on that motion. (Docs. 10, 35). Plaintiff has made extensive efforts to serve Defendants Tate and Environmental Services, and those efforts are ongoing. *See, e.g.,* (Docs. 46, 49).

On September 9, 2021, D&M filed a Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 47). D&M claims it is a "now-defunct corporation that was registered and incorporated in the state of Texas," and it "never conducted any business in New Mexico and never directed any activity in New Mexico." *Id.* at 1. Plaintiff seeks discovery to respond to the Motion to Dismiss, specifically: (1) inspection of all of D&M's business records; (2) depositions of three individuals (Greg Rake, Fred Rake, and Defendant Chappas); and (3) depositions of two business entities (Able Transportation and Gunsch Insurance Agency, D&M's broker and

2

insurance agent). (Doc. 50) at 3-4. D&M opposes the Motion for Jurisdictional Discovery and argues that Plaintiff failed to articulate specific disputed facts showing he is entitled to the discovery. (Doc. 52). In his reply, Plaintiff disputes that his discovery requests are overly broad or burdensome, and he reasserts that Defendant Tate had authority to act on behalf of D&M. (Doc. 53).

## II. Legal Standard

A court may "exercise personal jurisdiction over an out-of-state defendant who has 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Two categories of personal jurisdiction have developed from *International Shoe's* conception of "fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). First, general jurisdiction is established when the defendant maintains continuous and systematic affiliations with the forum. Second, specific jurisdiction is established when the plaintiff's cause of action relates to the defendant's contacts with the forum. *Id.*

In this case, D&M asserts that "[n]o reasonable argument can be made that D&M is subject to the Court's general jurisdiction; D&M was a Texas limited liability corporation … that never had any contact with New Mexico, let alone 'continuous and systematic general business contacts.'" (Doc. 47) at 6 (citing affidavit by Fred Rake, Doc. 47-1). Accordingly, D&M's Motion to Dismiss addresses specific jurisdiction and claims that D&M "never directed any activities at New Mexico or at New Mexico residents." Plaintiff, however, argues that D&M directed activities in New Mexico through its agent, Defendant Tate, who "had actual and

apparent authority to act on behalf of D&M."  (Doc. 50) at 3.  The Tenth Circuit has framed the "minimum contacts" test in the context of specific jurisdiction as "encompass[ing] two distinct requirements: 'first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries must arise out of defendant's forum-related activities.'"  *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)).

The plaintiff bears the burden of establishing personal jurisdiction over an out-of-state defendant when faced with a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2).  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  The court accepts as true all well-pleaded facts that are plausible, non-conclusory, and non-speculative alleged by the plaintiff, unless the defendant controverts those facts by affidavit.  *Shrader*, 633 F.3d at 1248.  If the defendant controverts facts in the complaint, the plaintiff may make the required showing by coming forward with facts, via affidavit or other written materials, that support jurisdiction.  *See id.*  Regarding the decision to grant jurisdictional discovery, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation omitted).  "While the district court has broad discretion in determining whether to permit jurisdictional discovery, a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."  *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 Fed. Appx. 586, 589 (10th Cir. 2006) (citation omitted).

### III.    Analysis

Plaintiff claims the Court has personal jurisdiction over D&M on the basis of D&M acting in the course and scope of a general partnership or joint venture with Defendants Chappas, Tate, and Environmental Services.  (Doc. 1) at 2.  Plaintiff alleges that he was hired by Defendants Tate and Environmental Services and drove the truck through New Mexico as part of his services to them, and that Defendant Tate "had actual or apparent authority to act on behalf of D&M."  *Id.* at 2-3; (Doc. 53) at 3.  Specifically, Plaintiff attaches an affidavit in which he states that Defendant Tate was Plaintiff's contact at D&M, and that through Mr. Tate, D&M authorized Plaintiff to use D&M credit cards for expenses, permitted Plaintiff to possess the truck, and instructed Plaintiff to return the truck to Houston, Texas from Salt Lake City, Utah, which brought Plaintiff through New Mexico.  (Doc. 50-4).  Plaintiff also attaches pictures of the credit cards he was provided by Defendant Tate, which have D&M's name on them.  *See* (Doc. 22-1, 22-3, 22-4).

D&M counters with an affidavit from Fred Rake, former owner and president of D&M, stating that D&M "never conducted business … or engaged in business transactions in the state of New Mexico," "D&M never authorized Keith Tate, Walter Chappas, or Johnathan Wilkinson to conduct any business on its behalf," "D&M never owned, leased, had control of, or knew of the 2017 Dodge pickup truck," "[n]o agent of D&M authorized, ratified, contracted, or agreed to the alleged partnership or joint venture alleged in Plaintiff's Complaint," and "[n]o agent of D&M ever knew of or took part in the events that are alleged to have transpired in Plaintiff's Complaint."  (Doc. 52-1) at 1-2.  Mr. Rake further avers that Mr. Tate "was never an employee or contractor of D&M," Mr. Tate "attempted, on several occasions, to engage in business

activities with D&M," and that "D&M refused to enter into business with Keith Tate because he was discovered to be dishonest and a fraudulent individual." *Id.* at 2.

The parties' competing affidavits demonstrate that the pertinent jurisdictional facts are controverted and a more satisfactory showing of the facts is necessary. This is especially so given Plaintiff's allegations that Mr. Tate acted as D&M's agent, because "[a] corporation is a distinct legal entity that can act only through its agents," and an agency relationship may confer specific personal jurisdiction over the parent. *See Daimler*, 571 U.S. at 135 n.13 ("[A] corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there.") (citation omitted). Moreover, determining whether personal jurisdiction exists over a parent corporation based on a theory of agency is a fact-intensive question. *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189, 1241 (D.N.M. 2019). At this stage of the case, D&M possesses better access to information regarding its relationship with the other Defendants. The Court, therefore, agrees that discovery is necessary for Plaintiff to more fully address D&M's Motion to Dismiss.

Having determined that Plaintiff may conduct jurisdictional discovery, the Court must also determine the appropriate scope of discovery. *See Breakthrough Mgmt. Grp, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188-89 (10th Cir. 2010) (explaining that in the context of a motion to dismiss for lack of jurisdiction, "the district court is given much room to shape discovery"). Plaintiff asks for: (1) inspection of all of D&M's business records; (2) depositions of Greg Rake, Fred Rake, and Walter Chappas; and (3) depositions of Able Transportation and Gunsch Insurance Agency, D&M's broker and insurance agent. (Doc. 50) at 3-4. These requests are overly broad as they are not tailored to the issue of whether Defendants had authority to act on behalf of D&M, whether those actions were directed at New Mexico, and

6

whether Plaintiff's injuries arose out of D&M's alleged forum-related activities. Plaintiff also does not explain why he needs to take five depositions or how the proposed deponents' testimony would be relevant to the issue of the Court's jurisdiction over D&M. Accordingly, the Court will limit Plaintiff's discovery as follows:

1. D&M shall provide Plaintiff with any busines records in its custody or control relating to whether Defendants had authority to act on behalf of D&M, whether those actions were directed at New Mexico, and whether Plaintiff's injuries arose out of D&M's forum-related activities; and

2. Plaintiff may conduct one deposition and may only inquire as to whether Defendants had authority to act on behalf of D&M, whether those actions were directed at New Mexico, and whether Plaintiff's injuries arose out of D&M's forum-related activities.

Finally, the Court addresses Plaintiff's Motion for an Extension of Time to Respond to D&M's Motion to Dismiss, (Doc. 51). Plaintiff asks for an extension of up to 21 days after the completion of discovery on jurisdiction to file a response to D&M's Motion to Dismiss for Lack of Personal Jurisdiction. No response was filed, so the motion is unopposed. The Court finds Plaintiff's request reasonable and will grant the motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Jurisdictional Discovery, (Doc. 50), is GRANTED IN PART, and Plaintiff's Motion for Extension of Time, (Doc. 51), is GRANTED, as follows:

1. **On or before November 22, 2021**, D&M shall provide Plaintiff with any busines records in its custody or control relating to whether Defendants had authority to act on behalf of D&M, whether those actions were directed at New Mexico, and whether Plaintiff's injuries arose out of D&M's forum-related activities;

2. **On or before December 8, 2021**, Plaintiff may conduct one deposition and may only inquire as to whether Defendants had authority to act on behalf of D&M, whether those actions were directed at New Mexico, and whether Plaintiff's injuries arose out of D&M's forum-related activities; and

3. Plaintiff's response to Defendant D&M's Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. 47), is due **on or before December 29, 2021**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE