**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JONATHAN WILKINSON,

      Plaintiff,

v.                                     Civ. No. 1:20-cv-00783 MIS/KRS

WALTER CHAPPAS;
KEITH TATE d/b/a/ GRIFFIN TRANSPORT;
D & M ENERGY ASSOCIATES, LLC
d/b/a D & M ENERGY and d/b/a
D&M ENERGY LLC; and
ENVIRONMENTAL SERVICES,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER comes before the Court on three motions: Plaintiff Jonathan Wilkinson and Defendant Walter Chappas' ("Chappas") Joint Motion for Dismissal Without Prejudice as to the Claims of the Plaintiff, Jonathan Wilkinson, Against Defendant, Walter Chappas (ECF No. 60); Defendant D&M Energy Associates, LLC's ("D&M Energy") Motion in Opposition to the Joint Motion for Dismissal (ECF No. 63); and Defendant Chappas' Motion to Strike Defendant D&M Energy's Motion in Opposition (ECF No. 68). Having reviewed the motions, the law, and the parties' briefing, the Court will GRANT the Joint Motion for Dismissal and FIND AS MOOT the remaining two motions.

**BACKGROUND**

The procedural history of these motions is as follows. On December 29, 2021, Plaintiff and Defendant Chappas moved jointly for the dismissal with prejudice of all claims against Defendant Chappas, stating that a satisfactory settlement had been

reached. ECF No. 60. On January 12, 2022, Defendant D&M Energy filed a Response in opposition and a separate, concurrent Motion in Opposition. ECF Nos. 62, 63. These two filings are substantively identical. On January 24, 2022, Defendant Chappas filed a Reply to the original motion and a concurrent Motion to Strike, arguing that Defendant D&M Energy's Motion in Opposition should be stricken from the record as impertinent and improper. ECF Nos. 66, 68.

With briefing complete on the Joint Motion for Dismissal, the matter of Defendant Chappas' dismissal is now before the Court.

## DISCUSSION

### I.     Joint Motion for Dismissal

Both Plaintiff and Defendant Chappas move for the dismissal without prejudice of all claims against Defendant Chappas. ECF No. 60. Defendant D&M Energy opposes Defendant Chappas' dismissal "on the basis that D&M must be allowed to take Chappas' deposition."[1] ECF No. 63 at 1.

Pursuant to the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss all claims against a defendant[2] "without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(ii). Alternatively, the court may dismiss a defendant "at the plaintiff's request . . . on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Dismissal under Rule 41(a)(2) is within the

---

[1] Defendants Keith Tate and Environmental Services did not concur in the Joint Motion for Dismissal but have since expressed no opposition.

[2] In the absence of binding authority from the Tenth Circuit, this Court follows the "majority rule" that Rule 41 may be used to dismiss all claims against one of several defendants. *See Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–97 (D. Utah. 2015) (discussing the circuit split and electing to follow the majority approach).

2

sound discretion of the court," and the critical question is "whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). In assessing prejudice, the court should consider the following factors: (1) "the opposing party's effort and expense in preparing for trial"; (2) "excessive delay and lack of diligence on the part of the movant"; and (3) "insufficient explanation of the need for a dismissal." *Phillips USA v. Allflex USA*, 77 F.3d 354, 358 (10th Cir. 1996) (quotations omitted). The court may also consider the present stage of litigation. *Id*.

In this case, Plaintiff and Defendant Chappas sought leave of the Court because of Defendant D&M Energy's non-stipulation. D&M Energy contends it will be prejudiced "if it cannot conduct discovery on Chappas" in the form of "a full deposition of Chappas and possibly written discovery as well." ECF No. 63 at 4, 5. It is not clear why D&M Energy would be unable to depose or obtain written discovery from Chappas in the event of his dismissal. The Federal Rules provide mechanisms for deposing and obtaining written discovery from nonparties. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 31; Fed. R. Civ. P. 45. D&M Energy also argues that because Defendant Chappas appears to reside in North Carolina, "D&M will face undue burden in finding and subpoenaing an out-of-state, non-party individual." *Id*. at 5.

Upon consideration of D&M Energy's arguments and the factors listed above, the Court finds that no meaningful prejudice to D&M Energy will result from the dismissal of Defendant Chappas. First, there is no indication that D&M Energy has expended significant energy or expense in preparing for trial. As D&M Energy acknowledges, it has not yet engaged in discovery. ECF No. 63 at 3 ("D&M has not participated fully in this

matter, and has not had the opportunity to conduct discovery."). Although D&M Energy filed a motion to dismiss for lack of personal jurisdiction on September 9, 2021, there is no evident connection between the issues raised therein and Defendant Chappas' participation in this suit. Second, there is no evidence of excessive delay or lack of diligence on the part of the movants. The present stage of litigation is relatively early, and it appears that Plaintiff and Defendant Chappas filed their Joint Motion for Dismissal as soon as a settlement was reached. The second factor therefore weighs in favor of granting dismissal. Third, the Court finds that the satisfactory settlement of the claims against Defendant Chappas constitutes sufficient explanation of the need for dismissal.

Notably, the burden to D&M Energy of propounding discovery requests on an out-of-state nonparty does not feature in the Court's analysis of any of the *Clark* factors. The Court has nevertheless considered D&M Energy's inconvenience and finds it heavily outweighed by the relevant factors considered above. Accordingly, the Court will grant the Joint Motion for Dismissal and order the dismissal without prejudice of all claims against Defendant Chappas.[3]

## II.    Remaining Motions

Having granted the Joint Motion for Dismissal (ECF No. 60), the Court finds that Defendant D&M Energy's Motion in Opposition (ECF No. 63) and Defendant Chappas' Motion to Strike (ECF No. 68) are rendered moot. Defendant Chappas' dismissal was the only substantive issue raised in D&M Energy's Motion in Opposition, and because the

---

[3] The Court will not consider Defendant D&M Energy's request to lift the stay on discovery "should the Court deny D&M's Motion to Dismiss for Lack of Personal Jurisdiction," ECF No. 63 at 5, because the Court has not ruled on the Motion to Dismiss for Lack of Personal Jurisdiction.

Court finds that Defendant Chappas should be dismissed, no purpose would be served by striking D&M Energy's Motion from the record.[4]

## CONCLUSION

For the reasons set forth above, Plaintiff Jonathan Wilkinson and Defendant Walter Chappas' Joint Motion for Dismissal Without Prejudice as to the Claims of the Plaintiff, Jonathan Wilkinson, Against Defendant, Walter Chappas (ECF No. 60) is **GRANTED** and all claims against Defendant Walter Chappas are **DISMISSED WITHOUT PREJUDICE**.

Defendant D&M Energy Associates, LLC's Motion in Opposition to the Joint Motion for Dismissal (ECF No. 63) and Defendant Walter Chappas' Motion to Strike Defendant D&M Energy's Motion in Opposition (ECF No. 68) are therefore **FOUND AS MOOT**.

**IT IS SO ORDERED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[4] Although the remaining two Motions are rendered moot by the Court's disposition of the Joint Motion for Dismissal, the Court would otherwise have been inclined to strike Defendant D&M Energy's Motion in Opposition as improper. For future reference, Defendant D&M Energy is advised that opposition to another party's motion should be expressed in a responsive brief and not by filing an additional motion.