United States District Court
Southern District of Texas
**ENTERED**
January 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONATHAN WILKINSON, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-1483 |
| § | |
| D&M ENERGY ASSOCIATES LLC, D/B/A § | |
| D&M ENERGY AND D&M ENERGY LLC, § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's Motion for Leave to Designate Responsible Third Part[ies].[1] ECF 91. The Motion is GRANTED subject to Plaintiff's future motion to vacate the designation.

### I.    Background

On August 3, 2020, Plaintiff filed a Complaint against Officer Justin Mease (Mease), Walter Chappas (Chappas), Keith Tate (Tate), D&M Energy Associates LLC and D&M Energy LLC (collectively D&M), and Environmental Services in United States District Court in New Mexico asserting claims under 42 U.S.C. § 1983 and state tort law. ECF 1. Plaintiff's claims against Mease were dismissed based on qualified immunity; Plaintiff settled his claims against Chappas; and Plaintiff voluntarily dismissed Tate and Environmental Services because he was unable to effect service on them. ECF 56-58, 71. On May 3, 2022, the District Judge in New Mexico transferred Plaintiff's tort claims against the remaining defendant, D&M, to this Court. ECF 74.

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including final judgment. ECF 82.

Plaintiff's suit alleges he was hired by Tate and Environmental Services, who were allegedly in partnership with D&M, to drive a truck and trailer owned by Chappas from Cheyenne, Wyoming to Tacoma, Washington and other locations. ECF 1 at 2-3. Employees at a weigh station in Cortez, Colorado, scanned the license plate and discovered that the truck had been reported stolen. *Id.* Plaintiff alleges that D&M, or one of its partners, reported the truck and trailer stolen knowing the report was false. *Id.* Officer Mease arrested Plaintiff on October 20, 2019 in New Mexico. *Id.* at 3-4. Plaintiff was charged with receiving or transferring a stolen motor vehicle and was detained for 36 hours. *Id.* at 4. The charges were later dismissed. *Id.*

D&M now seeks to designate Mease, Chappas, Tate d/b/a Griffin Transport, and Environmental Services as responsible third parties pursuant to section 33.004 of the Texas Civil Practice and Remedies Code.

**II.     Section 33.004**

Section 33.004 of the Texas Civil Practices and Remedies Code "provides a mechanism to designate responsible third parties who then may be apportioned fault." *Cortez v. Frank's Casing Crew & Rental Tools*, No. V-05-125, 2007 WL 419371, at *2 (S.D. Tex. Feb. 2, 2007). District courts in the Fifth Circuit exercising diversity jurisdiction apply § 33.004 of the Texas Civil Practice & Remedies Code as substantive Texas law. *Holiday Inn Club Vacations Inc. v. T & G Corp.*, No. 3:20-CV-00318, 2021 WL 2682474, at *1 n.1 (S.D. Tex. June 30, 2021) (Section 33.004 "applies to federal diversity cases under the Erie Doctrine, as it is state substantive law and does not conflict with Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart." (quoting *Gutierrez v. Tractor Supply Co.*, No. H-15-778, 2018 WL 3055752, at *1 (S.D. Tex. June 20, 2018) (quotation omitted)).

Plaintiff contends that Texas substantive law does not govern Plaintiff's claims against D&M in this case because Plaintiff is a resident of Colorado, was arrested in New Mexico, and none of the relevant events took place in Texas. *See* ECF 1, 74, 92. Nonetheless, Plaintiff does not object to granting D&M leave to designate responsible third parties purely as a matter of procedure but reserves the right to challenge application of Texas law in this diversity action. ECF 92. It is Plaintiff's position that the designation will have little practical effect because the persons and entities D&M seeks to designate will not be joined as defendants under § 33.004 and all are fact witnesses. *Id.* Given Plaintiff's lack of objection, it is

ORDERED that the Motion to Designate Responsible Third parties (ECF 91) is GRANTED.

Signed on January 24, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge